United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JORDAN DAVIS, et al.,<br>Plaintiffs,<br>v.<br>VERNITA JAMES, et al.,<br>Defendants. | Case No. 21-cv-04651-LB<br>**ORDER APPROVING MINOR'S COMPROMISE**<br>Re: ECF No. 148 |

## INTRODUCTION

The plaintiff J.J.D. is a nine-year-old boy. When he was 23 months old, Contra Costa County social workers and Antioch police officers removed him from his family's home without a warrant, and he was separated from his family for nearly five months. Through his guardian ad litem (his paternal grandmother, Dolly Moczkowski), he sued the County, the City of Antioch, and five individual defendants under 42 U.S.C. § 1983. He sues for himself and as successor in interest to his father, Jordan Davis, the original plaintiff, who died in 2024. The case settled at a judicial settlement conference: the County will pay $75,000, and the other defendants will pay nothing.[1]

The plaintiff moves for approval of the compromise, attorney's fees of $27,750 (thirty-seven percent), a $7,500 reimbursement to the guardian ad litem for a 2019 payment to a lawyer in the

[1] Mot. – ECF No. 148 at 3–6. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

juvenile-dependency case, and the deposit of the net proceeds in a blocked account.[2] The County does not oppose the compromise but objects to the reimbursement and points to authority applying heightened scrutiny to contingency fees above twenty-five percent in minors' cases.[3] The court approves the compromise and the fees, denies the reimbursement request without prejudice, and orders the net recovery of $47,250 deposited in a blocked account until J.J.D. turns 18.

## STATEMENT

### 1. The Removal and the Lawsuit

J.J.D. was born in August 2017. On July 6, 2019, County social-services personnel and Antioch police officers removed him from his paternal family's home in Antioch. They had no warrant and used an administrative "Authorization for Temporary Custody" form. According to the plaintiff, the police report reflects a safety plan under which J.J.D. was to remain with his grandmother and records no exigency. His grandmother was present and willing to care for him. J.J.D. was separated from his family until December 2, 2019, during juvenile-dependency proceedings.[4] His grandmother attests that he suffered abuse while in custody, fears the doorbell and anyone coming to the front door, and was otherwise distressed by the removal.[5] He has no independent recollection of the events.[6]

J.J.D.'s father, Jordan Davis, filed this lawsuit in June 2021 for himself and as J.J.D.'s guardian ad litem. The claims are under § 1983: unreasonable seizure in violation of the Fourth Amendment, deprivation of familial association and judicial deception in violation of the Fourteenth Amendment, and municipal liability under *Monell*.[7] The defendants asserted qualified immunity, exigent circumstances, and reliance on the juvenile court's July 10, 2019 detention

---

[2] *Id.* at 2.

[3] County Resp. – ECF No. 151 at 2.

[4] Mot. – ECF No. 148 at 4; Moczkowski Decl. – ECF No. 146 at 1–2 (¶¶ 2, 4).

[5] Moczkowski Decl. – ECF No. 146 at 2 (¶ 5).

[6] Jambeck Decl. – ECF No. 149 at 3 (¶ 6).

[7] Mot. – ECF No. 148 at 4–5; Compl. – ECF No. 6.

order, which (the City defendants contended) limited any damages to the four days before it.[8] Mr. Davis died on January 21, 2024. No probate estate was opened. J.J.D. is his successor in interest, and Ms. Moczkowski is now his guardian ad litem.[9] By the time current counsel substituted in in 2025, the case had been dismissed, and no guardian ad litem was in place. Counsel obtained relief from the dismissal and Ms. Moczkowski's appointment.[10] All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[11]

**2. The Settlement and the Proposed Distribution**

After an initial settlement conference in January 2026, the case settled on February 27, 2026, at a second conference with Magistrate Judge Westmore.[12] Under the written agreement, the County pays $75,000, and the other defendants pay nothing. The plaintiff gives a general release (with a waiver of California Civil Code § 1542) of claims relating to the removal and the dependency proceedings, dismisses the case with prejudice, bears his own fees and costs, and is responsible for any liens, including any lien of prior counsel. The County must pay within forty-five days of receiving, among other things, a signed order approving the compromise, and the plaintiff must file a dismissal within five days of receiving the check.[13]

The retainer agreement sets a contingency fee of thirty-seven percent for a recovery obtained after filing but before an initial trial date. No trial date was set, and the fee is thus $27,750. Counsel seeks no costs. Prior counsel's claim has been resolved by written agreement and will be

---

[8] Mot. – ECF No. 148 at 5.

[9] *Id.*; Moczkowski Decl. – ECF No. 146 at 1–2 (¶¶ 1, 3).

[10] Jambeck Decl. – ECF No. 149 at 2 (¶¶ 2–3); Suppl. Jambeck Decl. – ECF No. 156 at 2 (¶ 2); Orders – ECF Nos. 97, 109.

[11] Consents – ECF Nos. 5, 15–16.

[12] Jambeck Decl. – ECF No. 149 at 2–3 (¶ 5); Min. Entry – ECF No. 131.

[13] Settlement Agreement, Ex. A to Jambeck Decl. – ECF No. 149 at 9–13 (¶¶ 1–4, 6–7, 15). The copy in the record lacks the signatures of the defendant Brian Rose and his counsel. *Id.* at 14–15. Mr. Rose pays nothing and is a released party.

United States District Court
Northern District of California

paid from the $27,750, not from the settlement.[14] There are no medical liens or Medicare or Medi-Cal claims.[15] J.J.D.'s net recovery is $47,250, or $39,750 if the court allows the guardian's $7,500 reimbursement. The plaintiff proposes depositing the net in a blocked account at JPMorgan Chase Bank, N.A., until J.J.D. turns 18 in August 2035.[16]

The reimbursement request concerns $7,500 charged to Ms. Moczkowski's credit card on August 2, 2019, to retain the Law Offices of Johnson & Johnson to contest J.J.D.'s removal in the dependency case. She and Mr. Davis treated the payment as her loan to him, and he died without repaying it. She attests that no one promised her repayment from any source. The only documentation is a payment-processor record. Counsel asked the firm for a declaration, its engagement agreement, and the card statement and has received nothing. The guardian does not condition her consent to the settlement on the reimbursement, and the plaintiff asks, if the court finds the record insufficient, that the court approve the compromise without it and with leave to renew.[17]

The County does not oppose the compromise. It objects to the reimbursement on the ground that the guardian is not a party to the case or a beneficiary of the settlement. On fees, it refers the court to *Tabak v. Recology, Inc.*, which it describes as applying heightened scrutiny to contingency fees above twenty-five percent.[18]

## LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181

---

[14] Jambeck Decl. – ECF No. 149 at 2, 4 (¶¶ 2, 10–11); Retainer Agreement, Ex. B to Jambeck Decl. – ECF No. 149 at 18–19 (¶ 5).

[15] Jambeck Decl. – ECF No. 149 at 4 (¶ 11); Moczkowski Decl. – ECF No. 146 at 2 (¶ 5).

[16] Mot. – ECF No. 148 at 9, 13; Jambeck Decl. – ECF No. 149 at 5 (¶ 14).

[17] Mot. – ECF No. 148 at 11–13; Moczkowski Decl. – ECF No. 146 at 3–4 (¶¶ 11–13); Jambeck Decl. – ECF No. 149 at 5 (¶¶ 13–14); Payment R., Ex. C to Jambeck Decl. – ECF No. 149 at 24.

[18] County Resp. – ECF No. 151 at 2 (citing *Tabak v. Recology, Inc.*, No. 4:21-cv-08460-HSG, 2023 U.S. Dist. LEXIS 149364, at *3 (N.D. Cal. Aug. 24, 2023)). The court can decide the dispute without oral argument. Civil L. R. 7-1(b).

(9th Cir. 2011). When a minor's claims settle, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (cleaned up). That is so even if the minor's parent or guardian ad litem recommended or negotiated the settlement. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).

For a minor's federal claims, the court's review is limited to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. The court evaluates the net recovery "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id.* at 1182. All claims here are federal.

## ANALYSIS

### 1. The Net Recovery Is Fair and Reasonable

The issue is whether J.J.D.'s net recovery of $47,250 is fair and reasonable given the facts, his claims, and recoveries in similar cases. It is.

First, the litigation risk was substantial. The plaintiff's liability case had support in the contemporaneous record: no warrant and (the plaintiff says) no recorded exigency. But each individual defendant asserted qualified immunity, exigency was a disputed fact, the *Monell* claims required proof of a policy or custom that was the moving force behind the violation, and the detention-order argument, if accepted, would have confined damages to four days. Damages were hard to prove and value: J.J.D. was not yet two, has no memory of the events, and has no physical injury or medical expenses of record. And Mr. Davis, the principal percipient witness, died, leaving the case to be proved through documents and third parties.[19] The guardian's statement that J.J.D. suffered abuse while in custody is not elaborated in the record, and the difficulty of proving it through a child of that age is part of the same risk.

[19] Mot. – ECF No. 148 at 7–8; Jambeck Decl. – ECF No. 149 at 3–4 (¶¶ 6–7).

Second, the settlement was reached at arm's length, by counsel familiar with the full record, at a settlement conference supervised by a magistrate judge. The guardian, who witnessed the removal, understands the release and believes that the settlement is in J.J.D.'s best interests.[20]

Third, the net recovery is in line with recoveries in similar cases. In *Nunes v. County of Stanislaus*, a case about a 51-day warrantless removal with similar Fourth Amendment, Fourteenth Amendment, and *Monell* claims, the court found a net of $50,000 per minor fair and reasonable. It relied on other removal cases in which minors received between $25,000 and $81,000, including a case in this district with county and city defendants where each child received $25,000.[21] J.J.D.'s separation was longer than that in *Nunes*, but his case carried more risk, mainly because of his father's death. His net of $47,250, preserved until he is an adult, falls within the range. The County does not contend otherwise.

**2. The Attorney's Fees Are Approved**

The issue is whether to approve the $27,750 fee (the thirty-seven percent fixed by the written retainer agreement), given the County's suggestion that a fee above twenty-five percent in a minor's case warrants heightened scrutiny.

For a minor's federal claims, the inquiry is the fairness of the net recovery, and a court errs by rejecting a settlement based on the proportion that goes to counsel. *Robidoux*, 638 F.3d at 1181–82. The twenty-five-percent benchmark comes from California practice for a minor's state-law claims, a context that *Robidoux* did not address. *Id.* at 1179 n.2. According to the plaintiff, *Tabak* is such a case: a wrongful-death action in which the court applied California law and approved the

---

[20] Jambeck Decl. – ECF No. 149 at 2–4 (¶¶ 4–5, 8); Moczkowski Decl. – ECF No. 146 at 2–4 (¶¶ 4, 7–8, 15).

[21] *Nunes v. County of Stanislaus*, No. 1:17-cv-00633-DAD-SAB, R. & R. – ECF No. 97 at 2, 8–9 (E.D. Cal. May 31, 2022), Ex. D to Jambeck Decl. – ECF No. 149 at 27, 33–34 (describing the settlements in *Mann v. County of San Diego*, 907 F.3d 1154 (9th Cir. 2018), *Swartwood v. County of San Diego*, 84 F. Supp. 3d 1093 (S.D. Cal. 2015), and *Rodoni v. County of Santa Clara*, No. 5:18-cv-04325-BLF (N.D. Cal.)); Order, *Mann v. County of San Diego*, No. 11-cv-0708-GPC (BGS), ECF No. 376 (S.D. Cal. Feb. 26, 2020), Ex. E to Suppl. Jambeck Decl. – ECF No. 156 at 6–8 ($50,000 to each of four minors from a $1.8 million settlement).

United States District Court
Northern District of California

twenty-five percent that counsel requested.[22] J.J.D.'s claims are federal, his net recovery is fair and reasonable, and the County does not argue otherwise. The fee's share of the settlement is thus not a ground to reduce it.

The fee is reasonable under California's standard too. That standard has no presumptive percentage. The court determines a reasonable fee under all the facts and circumstances, including the terms of the fee agreement evaluated when it was made. Cal. R. Ct. 7.955(a), (d); *Gonzalez v. Chen*, 197 Cal. App. 4th 881, 885–86 (2011). When counsel took the case on contingency, it had been dismissed, no guardian ad litem was in place, and the principal witness had died. Counsel revived the case, obtained the only monetary offer, charges no costs, and will pay prior counsel's claim from the fee.[23] Without that work, J.J.D. likely would have recovered nothing. Courts have approved higher percentages in comparable removal cases.[24]

The court approves $27,750 on the condition, which counsel represents is the case, that nothing else, including any claim by prior counsel, is charged against the settlement.

**3. The Reimbursement Request Is Denied Without Prejudice**

The issue is whether to pay the guardian ad litem $7,500 from J.J.D.'s recovery. A court approving a minor's compromise may order reasonable expenses, including reimbursement to a guardian, paid from the proceeds. Cal. Prob. Code § 3601(a).

The request is not a term of the settlement. It is the guardian's own request to reduce the recovery of the minor whose interests she was appointed to protect, and it thus falls within the court's duty of independent inquiry under Rule 17(c). The plaintiff invokes California Probate Code § 3601, which allows a court approving a minor's compromise to order reasonable expenses

[22] Reply – ECF No. 155 at 2.

[23] Suppl. Jambeck Decl. – ECF No. 156 at 2 (¶ 2); Jambeck Decl. – ECF No. 149 at 2–4 (¶¶ 4–7, 10–11).

[24] *Nunes*, ECF No. 97 at 8, Ex. D to Jambeck Decl. – ECF No. 149 at 33 (fifty percent); *Mann*, ECF No. 376 at 4, Ex. E to Suppl. Jambeck Decl. – ECF No. 156 at 7 (fifty percent).

United States District Court
Northern District of California

paid from the proceeds. The County objects that the guardian is not a party or a beneficiary of the settlement.

The guardian's status is not the obstacle. Expenses incurred for a minor are commonly paid from a compromise to the person who bore them. The obstacle is the record, and on this record, the court denies the request, for three reasons.

First, on the guardian's own account, the payment was a loan to Mr. Davis. The obligation to repay it was his, not J.J.D.'s. As the plaintiff concedes, any action on that obligation is barred by the one-year limit in California Code of Civil Procedure § 366.2, and it would be improper to charge a decedent's time-barred debt against the recovery of the minor who is his successor in interest.[25] Recharacterizing the payment as the guardian's own expense for J.J.D.'s benefit does not change what the transaction was. If it was a loan to Mr. Davis, it was not an advance on J.J.D.'s account.

Second, the record does not establish that the expense was J.J.D.'s. The payment preceded this lawsuit by nearly two years and was for a different proceeding. The record does not show who retained the firm, whom it represented in the dependency case, what it did, or whether any part of the fee was refunded. Counsel candidly identified these gaps, and the reply does not fill them.[26]

Third, denial does not prejudice the settlement. The guardian consents to the compromise either way, and the plaintiff asks in the alternative for approval without the reimbursement and with leave to renew.[27]

The court does not doubt that Ms. Moczkowski paid the $7,500 or that she paid it to bring her grandson home.[28] But that does not make it a charge on his recovery. The denial is without

---

[25] Mot. – ECF No. 148 at 11.

[26] Jambeck Decl. – ECF No. 149 at 5 (¶ 13); Reply – ECF No. 155 at 4–5.

[27] Mot. – ECF No. 148 at 12; Moczkowski Decl. – ECF No. 146 at 4 (¶ 13); Reply – ECF No. 155 at 5.

[28] The guardian's sworn declaration and the payment record establish that she paid $7,500 on August 2, 2019, on her own credit card, and that the only purpose was to contest J.J.D.'s removal and bring him home, which is the interest that this lawsuit vindicates. Arguably, that she and Mr. Davis called the payment a loan as between themselves does not alter the fact that she bore the cost, with no promise of repayment, for J.J.D.'s benefit. But the issue is that the court cannot enforce any debt of Mr. Davis and instead can reimburse an expense incurred for the minor.

prejudice to a renewed request, supported by the missing material, for a withdrawal from the blocked account.

**4. The Blocked Account Protects the Net Recovery**

The plaintiff proposes depositing the net recovery in a blocked, federally insured account in J.J.D.'s name at JPMorgan Chase Bank, N.A., with no withdrawal before he turns 18 except by court order. That is an appropriate way to protect a minor's recovery. *See* Cal. Prob. Code § 3611(b). The court approves it on the terms in the Conclusion.

**CONCLUSION**

The court grants the motion in part and orders as follows.

1. The compromise of J.J.D.'s claims, including the claims that he asserts as successor in interest to Jordan Davis, for $75,000 payable by the County of Contra Costa, is approved.
2. Attorney's fees of $27,750 are approved and may be paid from the settlement. No costs and no other amounts, including any claim of prior counsel, may be charged against the settlement.
3. The guardian ad litem's request for reimbursement of $7,500 is denied without prejudice.
4. Within fourteen days of receiving the settlement funds, the plaintiff's counsel must deposit the net recovery of $47,250 in a blocked, federally insured account in J.J.D.'s name at JPMorgan Chase Bank, N.A., in California. No withdrawal, transfer, encumbrance, or other disposition of principal or interest is permitted before J.J.D. turns 18 without a court order. When J.J.D. turns 18, the bank may release the funds to him without a further order on proof of his age.
5. Counsel must deliver a copy of this order to the bank at the time of deposit and, within fifteen days after the deposit, file the bank's written receipt and acknowledgment of this order.

6. Under paragraph 15 of the settlement agreement, the plaintiff must file a stipulated dismissal with prejudice within five days of receiving the settlement funds. The court will separately enter a conditional dismissal to close the case pending that process.
7. The court retains jurisdiction to enforce this order and to decide any application about the blocked account.

This resolves ECF No. 148.

**IT IS SO ORDERED.**

Dated: October 5, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California